Case 1:21-cv-00191   Document 6   Filed on 01/14/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GABRIELA GONZALES-BALDERAS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-191 |
| | § | CRIM. ACTION NO. 1:20-256-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 4, 2021, Petitioner Gabriela Gonzales-Balderas[1] filed a motion to vacate, set aside or correct her sentence pursuant to 42 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

After conducting that review, the Court recommends that the petition be denied because it is factually and legally meritless.

**I. Background**

    **A. Factual Background**

        **1. Indictment & Guilty Plea**

On May 27, 2020, the grand jury indicted Gonzales-Balderas in a two-count indictment alleging: (1) conspiracy to possess with intent to distribute cocaine; and (2) possession with the intent to distribute cocaine, violations of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), & 846. U.S. v. Gonzalez-Balderas, Criminal No. 1:20-256-1, Dkt. No. 19 [hereinafter CR].

---

[1] The Petitioner was indicted under the name Gabriela Gonzalez-Balderas, but filed this petition under the name Gabriela Gonzales-Balderas. For the sake of consistency, the Court will refer to her as Gonzales-Balderas.

1

On August 6, 2020, Gonzales-Balderas pled guilty before the Magistrate Judge to count 2, possession with the intent to distribute cocaine. CR Dkt. No. 66.  She entered into a written plea agreement with the Government. CR Dkt. No. 33.[2]

As part of the plea agreement, the Government agreed to recommend that Gonzales-Balderas "be given the full credit for acceptance of responsibility, be sentenced to the bottom of the advisory Guideline level that he/she scores" and that she be given "a 5K1.1 departure up to 1/3 of the sentencing guidelines." CR Dkt. No. 33, pp. 2-3.

### 2. Presentence Report

In the final presentence report ("PSR"), Gonzales-Balderas was assessed a base offense level of 30, because her relevant conduct was evaluated at 8.906 kilograms of cocaine. CR Dkt. No. 42, p. 6.  Gonzales-Balderas was assessed a two-level enhancement because she used her minor child to mask her smuggling efforts as a family trip. Id., p. 7.  She did receive a two-level reduction for safety valve under § 2D1.1 and a three-level reduction for acceptance of responsibility. Id.  This resulted in a total offense level of 27. Id.

Regarding her criminal history, Gonzales-Balderas had no adult criminal convictions and was assessed zero criminal history points, resulting in a criminal history category of I. CR Dkt. No. 42, pp. 7-8.  An offense level of 32 and criminal history category of I, produced a sentencing guideline imprisonment range of 70 to 87 months.

### 3. Sentencing

Gonzales-Balderas timely objected to the PSR, arguing that her relevant conduct only encompassed 2.96 kilograms of cocaine. CR Dkt. No. 41.

---

[2] The plea agreement included a waiver of appellate rights, which also waived the right to file a § 2255 petition. CR Dkt. No. 33, pp. 5-6.  However, the waiver of rights contained an exception, namely that Gonzales-Balderas could pursue "a claim of ineffective assistance of counsel in an appropriate forum." Id.  "A 28 U.S.C. § 2255 proceeding is the favored forum for litigating a federal prisoner's claims of ineffective assistance of counsel." U.S. v. Gonzalez-Banales, 2021 WL 6101364, at *1 (5th Cir. Dec. 21, 2021) (unpubl.) (citing Massaro v. U.S., 538 U.S. 500, 503-09 (2003)).  Gonzales-Balderas has raised two claims of ineffective assistance of counsel in her § 2255 petition, so the waiver of appellate rights would not preclude the instant petition.

At sentencing, the Government stipulated to the relevant conduct being 2.96 kilograms. CR Dkt. No. 63, p. 4. As a result, Gonzales-Balderas's new total offense level was 23 and her new guideline sentencing range was 46 to 57 months. Id., p. 7. The Government moved for a downward departure under § 5K1.1 based on substantial assistance that Gonzales-Balderas provided. Id. The motion was granted, resulting in a guideline sentencing range of 31 to 38 months. Id. The Government recommended a sentence of 31 months. Id.

On May 18, 2021, the Court sentenced Gonzales-Balderas to 36 months imprisonment, and three years of supervised release. CR Dkt. No. 58. Judgment was entered on June 4, 2021. Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(I), 26(a)(2). Thus, Gonzales-Balderas's deadline for filing a notice of appeal passed on June 21, 2021, without an appeal being filed.[3]

**B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On November 4, 2021, Gonzales-Balderas timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1.

Gonzales-Balderas makes two claims: (1) counsel was ineffective for not securing a sentencing reduction via safety valve, and (2) counsel was ineffective for not securing a § 5K1.1. agreement with the Government. Dkt. No. 1.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

**II. Applicable Law**

    **A. Section 2255**

Gonzales-Balderas seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

---

[3] The fourteen days expired on June 18, 2021, but that day was a federal holiday. 5 U.S.C. § 6103(a). Accordingly, the new deadline was the first business day following the federal holiday. FED. R. APP. P. 26(a)(1)(C).

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Gonzales-Balderas's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Gonzales-Balderas's claims.

Gonzales-Balderas alleges that counsel was ineffective for failing to secure either safety valve or a § 5K1.1 agreement with the Government. Both of these claims are belied by the record. Gonzales-Balderas received the safety valve. CR Dkt. No. 42, p. 7. She also received the benefit of a § 5K1.1 agreement with the Government. CR Dkt. Nos. 56, 57. These claims are frivolous and should be denied.

## IV. Recommendation

It is recommended that the Petitioner Gabriela Gonzales-Balderas's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Gonzales-Balderas's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Gonzales-Balderas's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is recommended that a COA should be denied.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on January 14, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge